UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| 1001 QUEEN, LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>          Plaintiff,<br><br>     vs.<br><br>R2 AND V3 MANAGEMENT GROUP LLC, A NEVADA LIMITED LIABILITY COMPANY, OHMAR VILLAVICENCIO, LIZZEL VILLAVICENCIO, BASKER PERIYASAMY, GEETHA PERIYASAMY,<br><br>          Defendants. | CIV. NO. 23-00128 LEK-WRP |

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND ACTION TO THE DISTRICT COURT OF
THE FIRST CIRCUIT, HONOLULU DIVISION, STATE OF HAWAII**

Before the Court is Plaintiff 1001 Queen, LLC's ("Plaintiff") Motion to Remand Action to the District Court of the First Circuit, Honolulu Division, State of Hawaii ("Motion"), filed on March 27, 2023. [Dkt. no. 12.]  At this Court's direction,[1] Plaintiff filed a supplemental memorandum in support of the Motion ("Supplemental Memorandum") on April 14, 2023.  [Dkt. no. 18.]  Defendants R2 and V3 Management Group LLC ("R2 and V3"), Ohmar Villavicencio, Lizzel Villavicencio, Basker Periyasamy, and Geetha Periyasamy ("Individual Defendants" and

---

[1] See Minute Order - EO: Court Order Directing Plaintiff to File a Supplemental Memorandum in Support of Its Motion to Remand Action to the District Court of the First Circuit, Honolulu Division, State of Hawaii, filed 3/31/23 (dkt. no. 15).

all collectively "Defendants") filed their memorandum in opposition on July 4, 2023, and Plaintiff filed its reply on July 18, 2023.  [Dkt. nos. 21, 23.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Plaintiff's Motion is hereby denied because it appears the possession issue can be expeditiously resolved and thus the remaining claim is Plaintiff's breach of contract claim.  The Court declines to abstain from jurisdiction on this basis.

## BACKGROUND

Plaintiff filed this action on January 27, 2023 in the State of Hawai`i District Court of the First Circuit, Honolulu Division ("state district court"), and Defendants removed it to this district court on March 8, 2023, based on diversity jurisdiction.  See Defendants' Notice of Removal, filed 3/8/23 (dkt. no. 1) ("Notice of Removal"), at ¶ 11; Notice of Removal, Declaration of Katherine E. Bruce ("Bruce Decl."), Exh. A (Complaint (Assumpsit, Summary Possession/Landlord - Tenant, Damages) ("Complaint")).  Defendants filed their answer to the Complaint on March 15, 2023 ("Answer").  [Dkt. no. 8.]

The Complaint alleges: Plaintiff is the landlord of premises rented by R2 and V3; R2 and V3 owed $62,674.76 in unpaid rent, taxes, and other amounts for the period from

August 1, 2022 to January 1, 2023; and R2 and V3 breached
Section 1.03 the Lease by failing to open the restaurant
intended to be operated on the premises by the date specified in
Lease. [Bruce Decl., Exh. A (Complaint) at PageID.12-13; Id.,
Exh. 1 (Lease, dated 9/16/21, between Plaintiff and R2 and V3)
at 1.] The Individual Defendants are the guarantors under the
Lease. See Bruce Decl., Exh. A (Complaint), Exh. 1 (Lease) at
4, ¶ 19; see also id., Exh. G-1 (Guaranty of Lease
(Villavicencio Guaranty), executed by Ohmar and Lizzel
Villavicencio on September 16, 2021 ("Villavicencio Guaranty"));
id., Exh. G-2 (Guaranty of Lease (Periyasamy Guaranty), executed
by Basker and Geetha Periyasamy on September 16, 2021
("Periyasamy Guaranty")).

        R2 and V3 leased a 1,498 square foot store located in
the 1001 Queen Street condominium project known as AE'O, which
is located in Ward Village in Honolulu, Hawai`i ("the
Premises"). [Bruce Decl., Exh. A (Complaint), Exh. 1 (Lease) at
1.] The Premises were to "be used solely for a Teriyaki Madness
fast casual restaurant." [Id. at 2, § 6.01.] Under the Lease,
the "Rental Commencement Date" is defined as:

>        The earliest to occur of (i) the date on which
> Tenant opens the business operation to be
> conducted by Tenant on the Premises, or (ii) the
> 300th day after the Delivery Date.
> Notwithstanding the foregoing, provided that
> Tenant has otherwise diligently performed
> Tenant's Work (as hereinafter defined) to the

> Premises and prepared to open for business
> between the Delivery Date and the original Rental
> Commencement Date, the Rental Commencement Date
> shall be extended and Tenant's obligation to pay
> Rental (as hereinafter defined) shall be
> postponed, without penalty and without further
> action by the parties, on a day for day basis for
> each day that Tenant is prevented from initially
> opening for business as a result of an order of
> an applicable Governmental Authority (as
> hereinafter defined) that requires businesses
> like Tenant's business to be temporarily closed.

[Id. at 1-2, § 1.02(b).]  Plaintiff alleges R2 and V3 failed to open the restaurant by the Rental Commencement Date.  See Bruce Decl., Exh. A (Complaint) at PageID.12, ¶ 6.

Plaintiff seeks a judgment of possession of the Premises; a writ allowing for the removal of Defendants and their belongings from the Premises and putting Plaintiff in possession; a monetary judgment in the amount of $62,674.76, plus any additional rent or other charges owed under the Lease, additional damages, interest, and attorney's fees and costs. [Id. at PageID.13.]

Defendants state Basker and Geetha Periyasamy were served with the Complaint and summons on February 6, 2023. [Notice of Removal at ¶ 2.]  Basker and Geetha Periyasamy, through Defendants' counsel, appeared at the return hearing before the state district court on March 3, 2023.  At the hearing, Defendants' counsel waived the defense of insufficient service of process on behalf of R2 and V3, Ohmar Villavicencio,

4

and Lizzel Villavicencio, who had been served by the time of the return hearing.  [Id. at ¶¶ 3-4.]

In the instant Motion, Plaintiff argues the case should be remanded to the state district court because: at the time the Complaint was filed, the amount in controversy was less than $75,000; the Individual Defendants waived their right to remove the action; and this Court should abstain from exercising jurisdiction over the summary possession proceeding because the State of Hawai`i Legislature has granted exclusive jurisdiction over such cases to the state district courts.  [Motion at 2.] Plaintiff subsequently clarified that it is relying in the abstention doctrine established in Burford v. Sun Oil Co., 319 U.S. 315 (1943), and its progeny.  [Suppl. Mem. at 2.]

## STANDARD

28 U.S.C. § 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

District courts have original jurisdiction over civil actions in two instances: 1) where a federal question is presented in an action arising under the Constitution, federal law, or treaty; or 2) where diversity of

5

citizenship and amount in controversy requirements are met. 28 U.S.C. §§ 1331, 1332.  In relevant part, "[j]urisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

This district court has stated:

> "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)).  Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)) (alterations in original). . . .

U.S. Bank, Nat'l Ass'n v. Mizukami, CIVIL NO. 15-00523 JMS-BMK, 2016 WL 632195, at *2 (D. Hawai`i Feb. 17, 2016) (alterations in U.S. Bank).

> [W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. . . .
>
> If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in

6

controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  This provision, added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged.  In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.  As the House Judiciary Committee Report on the JVCA observed:

> "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies."  H. R. Rep. No. 112-10, p. 16 (2011).

Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87-89 (2014) (some alterations in Dart Cherokee) (footnote omitted).

## DISCUSSION

## I.   Diversity Jurisdiction

The United States District Courts have original jurisdiction over civil actions between "citizens of different States," if the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  Defendants assert Plaintiff is a Delaware limited liability company, and Plaintiff's sole member is Victoria Ward,

Limited, a Delaware corporation with its principle place of business in Texas.  [Notice of Removal at ¶ 12.]  Defendants state R2 and V3 is a Nevada limited liability company that is a citizen of Nevada for purposes of diversity jurisdiction because its only two members - Ohmar Villavicencio and Basker Periyasamy - are both domiciled in Nevada.  [Id. at ¶¶ 13-16.]  In addition, Lizzel Villavicencio and Geetha Periyasamy are also domiciled in Nevada.  [Id. at ¶¶ 17-18.]  Plaintiff has not identified any evidence disputing these representations, and this Court concludes, for purposes of the instant Motion, that complete diversity exists.  Cf. Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1226 (9th Cir. 2019) (stating § 1332(a) "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant'" (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996))).  Further, no defendant is a citizen of Hawai`i.  See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Defendants assert the amount in controversy requirement is met because, in addition to the $62,674.76 that

Plaintiff allege Defendants owed as of January 25, 2023, Plaintiff also seeks rent and other charges for the months of February and March 2023.  [Notice of Removal at ¶¶ 22-23.] According to Defendants, the amount due for each of those two months is $10,852.31, and therefore the total amount sought at the time of removal was $84,379.38.  [Id. at ¶¶ 23-24.] Defendants also point out that future monthly payments should be considered because those also fall within the scope of Plaintiff's prayer for relief.  See id. at ¶ 25.  Plaintiff responds that only the $62,674.76 expressly sought in the Complaint should be considered as the amount in controversy. [Motion, Mem. in Supp. at 5.]

        The Complaint prays for a judgment in the amount of $62,674.79, but it also states "the Court may award any rent and other charges owed under the rental agreement, additional damages, court costs, interest, and reasonable attorney's fees." [Bruce Decl., Exh. A (Complaint) at PageID.13.]  The minimum rent for the first five years of the Lease was $7,864.50 per month.  [Id., Exh. 1 (Lease) at 2, § 2.01.]  Plaintiff requests amounts due under Lease after the filing of the Complaint, and therefore those amounts are at issue in this case and must be considered as part of the amount in controversy, to the extent

9

the amounts are readily determinable from Plaintiff's Complaint.[2]

Cf. DeCosta v. Headway Workforce Sols., CIV. NO. 20-00015 LEK-
KJM, 2020 WL 1822473, at *3 (D. Hawai`i Apr. 10, 2020)
(including estimated lost wages until the date of trial within
the amount in controversy).[3]  The Lease, which is a part of the
Complaint, establishes that $10,852.31, consisting of the
following amounts, was due each month during 2023:

-minimum rent of $7,864.50 per month; [Bruce Decl., Exh. A
    (Complaint), Exh. 1 (Lease) at 2, § 2.01;]

-the $1,263.31 initial monthly charge for taxes; [id. at 2,
    § 2.04;]

---

[2] This Court rejects Plaintiff's argument that interpreting
the amount in controversy requirement in this manner "would
inundate the federal court system with an influx of landlord-
tenant disputes, resulting in the federal court system becoming
the primary venue for landlord-tenant litigation."  See Reply at
5.  First, as Plaintiff acknowledges, this would only apply to
"landlord-tenant dispute[s] about rent where diversity is
present . . . ."  [Id. (citation omitted).]  Further, such cases
would only be removable to this district court where no
defendant is a citizen of Hawai`i for purposes of diversity
jurisdiction.  See § 1441(b)(2).  In addition, the plaintiff
landlord may, as Plaintiff has done here, ask this district
court to abstain from exercising jurisdiction over these case.

[3] DeCosta involved, inter alia, a wrongful termination
claim.  2020 WL 1822473, at *1.  Thus, the plaintiff had been
terminated by the time she filed her complaint in state court.
Although the amount of her total lost wages was not known at the
time of the order remanding the case, the amount of her yearly
earnings at the time of her termination was known from the
parties' filings.  See id. at *3.  Although the instant case is
factually distinguishable from DeCosta, it is persuasive here
because the amount of rent and other charges due monthly after
the filing of the Complaint until Plaintiff regained possession
of the Premises can be determined from the filings in this case.

-the initial monthly charge of $1,168.44 for common area operating expenses, plus a 4% annual increase that took effect on January 1, 2023, for a total of $1,215.18; see id. at 3, § 7.03; and

-the initial monthly charge of $499.33 for the promotional program, plus a 2% annual increase that took effect on January 1, 2023, for a total of $509.32, see id. at 3, § 15.02.

It is not necessary for this Court to determine when Plaintiff recovered the Premises or, in the alternative, estimate when Plaintiff would recover possession of the Premises. Defendants argue only that the Complaint appears to be seeking amounts due under the Lease for February 2023 and March 2023, i.e., the two payments that were due between the filing of the Complaint and the filing of the Notice of Removal. See Notice of Removal at ¶¶ 23-24; see also Bruce Decl., Exh. A (Complaint), Exh. 1 (Lease) at 8, § 2.01 (stating the monthly rent installment was to be paid "on or before the first day of each month during the Term, without prior demand or notice"). This Court finds, by a preponderance of the evidence that $10,852.31 was due to Plaintiff by February 1, 2023 and March 1, 2023, for a total of $21,704.62. Because the Complaint seeks recovery of that amount in addition to the $62,674.76 judgment requested in the Complaint, the amount in controversy exceeds the $75,000.00 required for diversity jurisdiction. See § 1332(a).

This Court therefore concludes that diversity jurisdiction exists. Plaintiff's Motion is denied as to

11

Plaintiff's argument that the case should be remanded because diversity jurisdiction is lacking.

## II.  __Individual Defendants' Waivers__

Plaintiff argues the guaranties that the Individual Defendants executed waived their right to remove this case. [Motion, Mem. in Supp. at 6.]  Ohmar and Lizzel Villavicencio agreed:

> GUARANTOR AND LANDLORD EACH HEREBY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING AT LAW, IN EQUITY OR OTHERWISE, BROUGHT ON, UNDER OR BY VIRTUE OF THIS GUARANTY.  GUARANTOR WAIVES ANY OBJECTION TO THE VENUE OF ANY ACTION FILED IN ANY COURT IN THE JURISDICTION IN WHICH THE PREMISES ARE LOCATED AND WAIVES ANY RIGHT UNDER THE DOCTRINE OF FORUM NON CONVENIENS OR OTHERWISE TO TRANSFER ANY SUCH ACTION TO ANY OTHER COURT.

[Bruce Decl., Exh. A (Complaint), Exh. 1 (Lease), Exh. G-1 (Villavicencio Guaranty) at PageID.112, ¶ 16 (emphasis in original).[4]]  Basker and Geetha Periyasamy's guaranty includes the same provision.  See id., Exh. G-2 (Periyasamy Guaranty) at PageID.116, ¶ 16.  The Individual Defendants' and Plaintiff's rights and remedies under the guarantees are subject to Hawai`i state law.  See id., Exh. G-1 (Villavicencio Guaranty) at

---

[4] Ohmar and Lizzel Villavicencio and Basker and Geetha Periyasamy executed their respective guarantees in order to induce Plaintiff to enter into the Lease with R2 and V3.  See Bruce Decl., Exh. A (Complaint), Exh. 1 (Lease), Exh. G-1 (Villavicencio Guaranty) at PageID.110; id., Exh. G-2 (Periyasamy Guaranty) at PageID.114.

PageID.112, ¶ 13; id., Exh. G-2 (Periyasamy Guaranty) at
PageID.116, ¶ 13.[5]

The Individual Defendants waived objections to venue,
any rights under the forum non conveniens, and any right to
transfer.  As to the issue of venue under Hawai`i, Haw. Rev.
Stat. § 604-7(d) states:

> Except as otherwise provided, civil actions shall
> be brought in the district court of the judicial
> circuit in which the defendant or a majority of
> the defendants reside or the claim for relief
> arose.  The venue may be changed or the case
> transferred as provided by sections 604-7.3 and
> 604-7.4.

Haw. Rev. Stat. § 604-7.3 states:

> After the parties shall have had an opportunity
> to be heard, any district court may, in its
> discretion, upon satisfactory proof that it would
> be more fair and equitable to the parties thereto
> if any civil case pending in the court were heard
> in another jurisdiction, change the venue to the
> district court of some other circuit and order
> the record to be transferred thereto; provided
> that any district court may, in its discretion,
> upon the consent of all the parties to any civil
> or criminal case pending in the court, change the
> venue to the district court of some other circuit
> and order the record to be transferred thereto.

Haw. Rev. Stat. § 604-7.4 states:

---

[5] "The enforceability of a forum-selection clause in a
federal court is a well-established matter of federal law."  Lee
v. Fisher, 70 F.4th 1129, 1143 (9th Cir. 2023) (en banc)
(brackets, ellipsis, and citation omitted).  However,
paragraph 16 is not a forum-selection clause, nor is there a
forum-selection clause elsewhere either in the guarantees or in
the Lease.

        (a)   The district court of a circuit in which is commenced a civil case laying venue in the wrong circuit shall transfer the case, upon or without terms and conditions as the court deems proper, to the district court of any circuit in which it could have been brought, or if it is in the interest of justice dismiss the case.

        (b)   Nothing in sections 604-7 to 604-7.4 shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

The Hawai`i Supreme Court has

        described the doctrine of forum non conveniens as "the discretionary power of a court to decline to exercise a possessed jurisdiction whenever it appears that the cause before it may be more appropriately tried elsewhere."  [Territory of Hawai`i v.] Gay, 32 Haw. [404,] 415-416 [(1932)] (citation and internal quotes omitted).  For the doctrine to apply, therefore, an alternative forum must exist and the defendant must be amenable to process in the alternative forum. [Harbrecht v.] Harrison, 38 Haw. [206,] 210 [(1948)]; see also Restatement (Second) of Conflict of Laws § 84 (1971) ("A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action[,] provided that a more appropriate forum is available to the plaintiff.")

Lesser v. Boughey, 88 Hawai`i 260, 262, 965 P.2d 802, 804 (1998) (some alterations in Lesser).

        Nothing in the relevant statutes and case law suggests that a party's waiver of rights regarding the issues of venue, forum non conveniens, or transfer constitutes the waiver of that party's right to remove a case to federal court.  The Motion is

14

therefore denied as to Plaintiff's argument that the Individual Defendants waived their right to remove any civil action based on the guarantees.

**III. <u>Abstention</u>**

Finally, Plaintiff argues that, even if removal was proper, this Court should decline to exercise jurisdiction and remand the case under the <u>Burford</u> abstention doctrine. [Suppl. Mem. at 2.] The United States Supreme Court has described the <u>Burford</u> doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." <u>Colorado River Water Conservation Dist. v. United States</u>, [424 U.S. 800,] 814 [(1976)].

<u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 361 (1989) ("<u>NOPSI</u>"). The Supreme Court subsequently clarified that <u>NOPSI</u> and other cases

> do not provide a formulaic test for determining when dismissal under <u>Burford</u> is appropriate, but they do demonstrate that the power to dismiss under the <u>Burford</u> doctrine, as with other abstention doctrines, derives from the discretion historically enjoyed by courts of equity. They further demonstrate that exercise of this

15

discretion must reflect "principles of federalism and comity." Growe v. Emison, 507 U.S. 25, 32 (1993). Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the "independence of state action," Burford, 319 U.S., at 334, that the State's interests are paramount and that a dispute would best be adjudicated in a state forum. See NOPSI, [491 U.S.] at 363 (question under Burford is whether adjudication in federal court would "unduly intrude into the processes of state government or undermine the State's ability to maintain desired uniformity"). This equitable decision balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining "uniformity in the treatment of an 'essentially local problem,'" 491 U.S., at 362 (quoting Alabama Pub. Serv. Comm'n [v. S. Ry. Co.], [341 U.S. 341,] 347 [(1951)]), and retaining local control over "difficult questions of state law bearing on policy problems of substantial public import," Colorado River, 424 U.S., at 814. This balance only rarely favors abstention, and the power to dismiss recognized in Burford represents an "'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'" Colorado River, [424 U.S.] at 813 (quoting County of Allegheny [v. Frank Mashuda Co.], 360 U.S.[ 185,] 188 [(1959)]).

Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 727–28 (1996)

(some citations omitted).

### A.   Plaintiff's Argument that the Summary Possession Claim Remains Before the State District Court

First, Plaintiff appears to argue that Defendants'

removal to this district court only applied to the portion of

the case seeking monetary damages for breach of contract, and

the summary possession portion of the case remains before the
state district court.  See Reply at 4 (arguing "the state
district court retains jurisdiction over this case because the
issue of possession has not been dealt with in finality" (citing
Lum v. Sun, 70 Haw. 288, 299, 769 P.2d 1091, 1098 (1989)
(affirming the district court's decision to retain jurisdiction
over the summary possession action despite tenant's demand for a
trial by jury and by issuing a writ of possession in favor of
landlord))).  Plaintiff argues that, because the summary
possession proceeding remains before the state district court,
this Court should abstain from exercising jurisdiction over the
remainder of Plaintiff's Complaint.  Plaintiff's argument is
misplaced.

        In Lum, the landlord filed a summary possession and
assumpsit action in a state district court, and the tenant filed
a counterclaim with a demand for a jury trial.  The state
district court granted the landlord's request for severance of
the claims.  The state district court retained the summary
possession proceedings and transferred the other claims to the
state circuit court.  Lum, 70 Haw. at 291-92, 769 P.2d at 1093-
94.  On appeal, the Hawai`i Supreme Court affirmed the state
district court's decision to retain jurisdiction over the
summary possession proceeding and its issuance of a writ of
possession to the landlord.  Id. at 298, 769 P.2d at 1097.

17

In the instant case, however, the state district court did not sever the summary possession proceeding from Plaintiff's breach of contract claim, and Lum does not stand for the proposition that a notice of removal effects such a severance and allows the summary possession proceeding to remain in the state district court after removal.  Thus, the general principles regarding the effect of a notice of removal apply in this case.

> Once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  The state court "los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void."  Kern v. Huidekoper, 103 U.S. 485, 493, 26 L. Ed. 354 (1881).  "Every order thereafter made in that court [is] *coram non judice*," meaning "not before a judge."  Steamship Co. v. Tugman, 106 U.S. 118, 122, 1 S. Ct. 58, 27 L. Ed. 87 (1882); Black's Law Dictionary 426 (11th ed. 2019).  See also 14C C. Wright, A. Miller, E. Cooper, J. Steinman, & M. Kane, Federal Practice and Procedure § 3736, pp. 727–729 (2018).

Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 140 S. Ct. 696, 700 (2020) (per curiam) (alterations in Roman Cath. Archdiocese) (footnote omitted).

**B.  Plaintiff's Abstention Argument
Regarding Summary Possession Proceedings**

In the alternative, Plaintiff argues this Court should remand the case under the Burford abstention doctrine because

18

the state district court should preside over the summary
possession proceeding, as required under Hawai`i law.  Haw. Rev.
Stat. § 666-6 states: "In the case of summary possession
proceedings, the person entitled to the possession of the
premises shall bring and prosecute the person's action in the
district court of the circuit wherein the lands and premises in
question are situated."  The Hawai`i Supreme Court has
recognized that "[j]urisdiction over summary possession actions
lies in the district court, not the circuit court[,]" and there
is "no right to a jury trial of a summary possession action."
Kimball v. Lincoln, 72 Haw. 117, 125, 809 P.2d 1130, 1134 (1991)
(citing HRS § 666-6; Lum v. Sun, 70 Haw. 288, 769 P.2d 1091
(1989)).  The supreme court also recognized that the purpose of
the summary possession statutory scheme is to "protect[ ]
landlords against tenants who have violated some material
condition of the lease, or wrongfully withhold possession after
expiration of the lease, in order to avoid the delay and expense
incident to actions in ejectment.  The fact of possession in a
summary proceeding is the principal question . . . ."  Id.
(citation omitted).

        Plaintiff concedes that, "the main issue, for purposes
of this remand dispute, is possession of the premises."  See
Reply at 3.  Although not reflected in the Notice of Removal,
Defendants have submitted evidence that R2 and V3 surrendered

19

possession of the Premises on March 8, 2023, shortly before filing the Notice of Removal.  See Decl. of Kirk M. Neste, filed 7/5/23 (dkt. no. 22) ("Neste Decl."), at ¶ 3 (stating Mr. Neste's office hand-delivered a letter dated 3/8/23, with the keys to the Premises, to Plaintiff's former counsel); id., Exh. F (letter dated 3/8/23 to Yuriko J. Sugimura, Plaintiff's former counsel, from Mr. Neste ("3/8 Letter")) at 2 ("Enclosed are the keys to the Premises, which Tenant hereby surrenders to you."); id., Exh. G (email dated 3/8/23 to Mr. Sugimura from Mr. Neste, transmitting the 3/8 Letter and stating Mr. Neste "also had a hard copy of the letter with the keys enclosed delivered to your office earlier this afternoon").

Plaintiff appears to dispute this.  See Reply at 2 ("Defendants **allegedly** vacated the premises on March 8, 2023" (emphasis added)); id. at 3 ("There is nothing in the record (state or federal) affirming Plaintiff has legal possession of the premises.").  Plaintiff, however, does not identify any evidence which suggests that R2 and V3 is still in possession of the Premises.  Plaintiff points only to the fact that Defendants have refused to stipulate that Plaintiff is possession of the Premises.  See, e.g., Reply at 3 (citing Reply, Declaration of Kira J. Goo ("Goo Decl.") Exh. A (letter, dated 6/2/23 to Plaintiff's counsel from Mr. Neste) at 2).

If R2 and V3 was still in possession of the Premises, this Court would be inclined to abstain from the exercise of jurisdiction because exercising jurisdiction over such a dispute would interfere with the State of Hawaii's "efforts to establish a coherent policy with respect to [summary possession proceedings, which present] a matter of substantial public concern." See NOPSI, 491 U.S. at 361 (citation omitted). The State of Hawaii's interest in maintaining uniformity the treatment of summary possession proceedings, which is "an essentially local problem," arguably outweighs this Court's interest in having the instant case litigated in this district court based on diversity jurisdiction. See Quackenbush, 517 U.S. at 728 (quotation marks and citation omitted). However, the instant case does not present the question of whether Plaintiff is entitled to physically dispossess R2 and V3 from the Premises. Even though there is no stipulation or court order legally recognizing Plaintiff's current physical possession of the Premises, it appears that the legal issue of possession can be resolved in an expeditious manner, such as through an early settlement conference or a motion for summary judgment. This would leave only Plaintiff's breach of contract claim for damages, which does not involve any issue that warrants abstention.

Therefore, this Court declines to abstain from the excise of jurisdiction over this case.  Plaintiff's Motion is denied as to its argument that this Court should remand the case based on the <u>Burford</u> abstention doctrine.

## IV.  <u>Summary</u>

This Court has concluded that diversity jurisdiction exists in this case and that the case was properly removed. Further, this Court declines to abstain from the exercise of jurisdiction over this case.  Plaintiff's request to remand this case to the state district court is therefore denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Motion to Remand Action to the District Court of the First Circuit, Honolulu Division, State of Hawaii, filed March 27, 2023, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 28, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**1001 QUEEN, LLC VS. R2 AND V3 MANAGEMENT GROUP LLC, ET AL; CV 23-00128 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO THE DISTRICT COURT OF THE FIRST CIRCUIT, HONOLULU DIVISION, STATE OF HAWAII**